UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKISSIUA A. REAMS,

       Plaintiff,                    Case No. 12-cv-14269
                                         HON. BERNARD A. FRIEDMAN
vs.                                     MAG. JUDGE CHARLES E. BINDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Before the Court are plaintiff's objections to Magistrate Judge Charles E. Binder's July 25, 2013 Report and Recommendation ("R&R") [docket entries 16 and 17]. The Commissioner filed a response [docket entry 18]. Magistrate Judge Binder recommended that the Court grant the Commissioner's motion for summary judgment [docket entry 14] and deny plaintiff's motion for summary judgment [docket entry 9]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt his summary of the factual record as it appears on pages 6 through 14 of the R&R.

**II.    Facts**

Plaintiff seeks judicial review of the Commissioner's decision denying her claims for disability benefits and supplemental security income. Plaintiff applied for benefits on October

31, 2008, claiming that she is disabled as a result of, among other things, human immunodeficiency virus (HIV), fibromyalgia and mood disorders. The application was denied on March 25, 2009 and plaintiff subsequently filed a timely notice for a hearing. On July 7, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that claimant was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied her request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

### III.     Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). As a result, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the

Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

**IV.     Analysis**

On appeal, plaintiff maintains that: 1) the magistrate judge neglected to fully address the propriety of the ALJ's Listing 12.04C determination; 2) to the extent the magistrate did consider ALJ's 12.04C finding, he ignored the treating psychologist's diagnosis; 3) the ALJ erred when he declined to obtain additional expert opinion concerning whether plaintiff's mental impairments met or equaled a listing; and 4) the ALJ, in effect, failed to accord the appropriate weight to plaintiff's GAF score.

With respect to plaintiff's first objection, the record demonstrates that the magistrate judge evaluated whether plaintiff satisfied any of the limitations provided in Listing 12.04. Additionally, while plaintiff's treating psychologist diagnosed her with adjustment disorder, the magistrate judge correctly determined that this diagnosis did not pose a significant functional limitation. As the magistrate judge noted, the treating psychologist "consistently noted that plaintiff's judgement and insight were good, her memory was intact, and her thoughts were logical and coherent." R&R at 17. Nor does the Court find that the ALJ was presented with sufficient evidence warranting the solicitation of updated expert opinion pursuant to SSR 96-6p.

Finally, contrary to plaintiff's contention, the ALJ "was not required to consider [plaintiff's] GAF scores" at all. See e.g. Keeler v. Comm'r of Soc. Sec., 511 F. App'x 472, 474 (6th Cir. 2013). In any event, the ALJ did not err by affording limited weight to the GAF assessment as it was significantly based upon plaintiff's self-report.

Accordingly,

IT IS ORDERED that Magistrate Judge Charles E. Binder's Report and Recommendation dated July 25, 2013, is hereby accepted and adopted and the findings of the Commissioner are affirmed.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.


Dated: August 29, 2013　　　　　　　　S/ Bernard A. Friedman___
　　　　Detroit, Michigan　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE